**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION
CASE NUMBER:**

| | |
|---|---|
| Levern Edwards,<br><br>          Plaintiff,<br>v.<br><br><br><br>Progressive Northern Insurance Company,<br><br>          Defendant. | 3:22-cv-01020-MGL<br><br>**ANSWER, COUNTERCLAIM AND THIRD-PARTY COMPLAINT ON BEHALF OF DEFENDANT** |
| Progressive Northern Insurance Company,<br><br>         Third Party Plaintiff,<br>v.<br>Larry W. Mason and Christopher James Mason,<br><br>         Third Party Defendants, | |

**TO: ROBERT E. TREACY, ESQUIRE, ATTORNEY FOR PLAINTIFF AND TO THE PLAINTIFF ABOVE NAMED:**

The Defendant, Progressive Northern Insurance Company (hereinafter "Progressive Northern"), answering the Plaintiff's Complaint herein, would respectfully show unto the Court that:

**FOR A FIRST DEFENSE**

1. The Defendant denies each and every allegation of the Plaintiff's Complaint not hereinafter specifically admitted.

2. Paragraph one (1) is admitted upon information and belief.

3. Paragraph two (2) is admitted.

4. Paragraphs three (3), four (4), five (5) and six (6) are admitted.

5. As to paragraphs seven (7) and eight (8), Progressive Northern admits it issued an insurance policy to Larry Mason, policy number 927224051-0, and refers to the policy for all the

1

terms, conditions and provisions therein; Progressive Northern admits that the policy was in effect at the time of the accident that occurred on March 26, 2019, but denies that it covered the vehicle owned by Larry W. Mason that was being operated by Christopher James Mason at the time of the accident.

6.     As to paragraph nine (9), Progressive Northern admits that Christopher James Mason was operating Larry W. Madison's 2007 Mitsubishi, vehicle identification number 4A3AK34T37E013341.  That vehicle was not insured on the policy issued by Progressive Northern to Larry Mason.

7.     As to paragraph ten (10), Progressive Northern is informed and believe that the vehicle being operated by Christopher James Mason collied with a vehicle being operated by Levern Edwards; otherwise, paragraph ten (10) is denied.

8.     Paragraph eleven is admitted upon information and belief.

9.     As to paragraph twelve (12), Progressive Northern admits that it provided a declarations page for the policy issued to Larry Mason but denies that it ever stated coverage applied to the vehicle being driven by Christopher James Mason at the time of the accident; otherwise, paragraph twelve (12) is denied.

10.    As to paragraph thirteen (13), Progressive Northern would show that its policy does not provide liability coverage for the vehicle Christopher James Mason was operating and therefore, is not required to defend or indemnify Christopher James Mason or Larry W. Mason for any injuries and damages asserted against them by Plaintiff Levern Edwards in the underlying lawsuit he has filed; otherwise, paragraph thirteen (13) is denied.

11.    Paragraph fourteen (14) is denied.

12.    Paragraph fifteen (15) is admitted.

**FOR A SECOND DEFENSE**
**(BY WAY OF COUNTERCLAIM AND THIRD-PARTY COMPLAINT)**

Progressive Northern seeks declaratory relief to determine the rights of the parties, and alleges and shows as follows:

**JURISDICTION AND VENUE**

13. Third-Party Plaintiff Progressive Northern is an insurance company organized and existing under the laws of the State of Wisconsin with its principal place of business in the State of Ohio. Progressive Northern is licensed and authorized to issue policies of insurance in the State of South Carolina.

14. Upon information and belief, Plaintiff and Counter-Defendant Levern Edwards is a citizen and resident of Kershaw County, South Carolina.

15. Upon information and belief, Third-Party Defendant Larry Mason is a citizen and resident of Kershaw County, South Carolina.

16. Upon information and belief, Third-Party Defendant Christopher James Mason is a citizen and resident of Kershaw County, South Carolina.

17. This matter is brought pursuant to Rule 57 of the Federal Rules of Civil Procedure and pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq.; there is a real or justiciable controversy between the parties, and by these proceedings Progressive Northern asks this Court to inquire into and declare the rights and obligations of the parties hereto arising out of the facts set forth below.

18. Venue is proper in the Columbia Division in accordance with 28 U.S.C. §§ 121(2) and 1441(a).

19. The amount in controversy exceeds Seventy-Five Thousand and No/100 ($75,000.00) Dollars, exclusive of interests and costs, as the insurance policy at issue contains

3

liability limits of $100,000 each person for bodily injury and $100,000 each accident for property damage. There is complete diversity of citizenship, as more fully explained in the Notice of Removal filed concurrently herewith. Therefore, this Court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1332(a)(1).

## FACTS

20. Progressive Northern issued a personal auto policy, Policy No. 927224051, to Larry Mason with effective dates of February 4, 2019 to August 4, 2019 (hereinafter the "Policy"). The Policy does not list Christopher James Mason as a driver and resident relative. The Policy lists four insured vehicles, one of which is a 2007 Mitsubishi Eclipse, VIN No. 4A3AK24FX7E009212. A certified copy of the Policy is attached hereto as Exhibit A.

21. The Policy provides liability coverage to persons qualifying as "insured persons" for certain risks under the insuring agreement and excludes certain risks through policy exclusions. Progressive Northern craves reference to the Policy for all terms, conditions, and provisions therein and incorporates them by reference herein.

22. The Policy provides in pertinent part:

### PART I – LIABILITY TO OTHERS
**INSURING AGREEMENT**

If **you** pay the premium for this coverage, **we** will pay damages for **bodily injury** and **property damage** for which an **insured person** becomes legally responsible because of an accident.

***

**ADDITIONAL DEFINITION**

When used in this Part I:

"**Insured person**" means:

a. **you**, a **relative**, or a **rated resident** with respect to an accident arising out of the ownership, maintenance or use of an **auto** or a **trailer**.
b. any person with respect to an accident arising out of that person's use of a **covered auto** with the permission of **you**, a **relative**, or a **rated resident**;

4

***

**EXCLUSIONS – READ THE FOLLOWING EXCLUSIONS CAREFULLY. IF AN EXCLUSION APPLIES, COVERAGE WILL NOT BE AFFORDED UNDER THIS PART I.**

Coverage under this Part I, including **our** duty to defend, will not apply to any **insured person** for:

***

11. **bodily injury** or **property damage** arising out of the ownership, maintenance or use of any vehicle owned by **you** or furnished or available for **your** regular use, other than a **covered auto** for which this coverage has been purchased;

***

23. On February 22, 2022, Levern Edwards filed suit in the Kershaw County Court of Common Pleas against Christopher James Mason and Larry W. Mason, Civil Action No. 2022-CP-28-00139 (hereinafter the "Underlying Complaint").

24. The Underlying Complaint alleges that on March 26, 2019 Christopher Mason was operating a Mitsubishi Eclipse owned by Larry Mason when he collided with a tractor trailer owned by Palmetto Corp of Conway and operated by Levern Edwards.

25. Upon information and belief, the vehicle identification number for the Mitsubishi Eclipse involved in the accident is VIN No. 4A3AK34T37E013341.

26. The vehicle identification number for the only Mitsubishi Eclipse listed on the Policy declarations page is VIN No. 4A3AK24FX7E009212.

27. According to the Kershaw County vehicle tax records, Larry Mason owned two (2) 2007 Mitsubishi Eclipses at the same time, one with a vehicle identification number ending in 41 and one with a vehicle identification number ending in 12.

28. Upon information and belief, the Mitsubishi Eclipse involved in the accident was black, and the Mitsubishi Eclipse listed on the Policy declarations page was silver.

28. Upon information and belief, at the time of the March 26, 2019 accident, Christopher Mason did not reside with Larry Mason.

5

29. The Plaintiff and Third-Party Defendants have made claims for coverage under the Policy for the March 26, 2019 accident.

**FOR A FIRST DECLARATION**

30. Progressive Northern repeats and realleges the allegations above as if set forth fully verbatim below.

31. The Policy excludes liability coverage, including Progressive Northern's duty to defend, for "bodily injury" or "property damage" arising out of the ownership, maintenance or use of any vehicle owned by you or furnished or available for your regular use, other than a "covered auto" for which this coverage has been purchased.

32. The Policy defines "you" and "your" as the person shown as the named insured on the declarations page and a resident spouse of the named insured. Larry Mason is the named insured on the Policy declarations page.

33. The Policy defines "covered auto" as: (1) an auto shown on the declarations page; (2) certain "additional autos" which the named insured acquires during the policy period and for which the named insured notifies Progressive Northern within 30 days of becoming the owner and pays an additional premium; (3) "replacement autos"; and (4) "trailers" owned by you.

34. Upon information and belief, the vehicle identification number for the Mitsubishi Eclipse involved in the March 26, 2019 accident is VIN No. 4A3AK34T37E013341.

35. Upon information and belief, Larry Mason owned the Mitsubishi Eclipse involved in the March 26, 2019 accident.

36. Upon information and belief, Larry Mason had owned the Mitsubishi Eclipse involved in the March 26, 2019 accident since at least July 2018 – i.e. before the inception of the Policy.

37. The Mitsubishi Eclipse involved in the March 26, 2019 accident is not shown on the Policy declarations page.

38. At the time of the March 26, 2019 accident, Larry Mason had not purchased liability coverage under the Progressive Northern Policy for the Mitsubishi Eclipse involved in the accident. He did not ask Progressive Northern to add this Mitsubishi Eclipse to the Policy.

39. Upon information and belief, Larry Mason has also owned the Mitsubishi Eclipse listed on the Policy declarations page since at least July 2018 and owned such vehicle at the time of the accident.

40. Therefore, Progressive Northern is entitled to a declaration that the Policy provides no liability coverage for the March 26, 2019 accident because the Mitsubishi Eclipse involved in the accident was owned by named insured Larry Mason and was not a "covered auto" for which liability coverage under the Progressive Northern Policy had been purchased.

## FOR A SECOND DECLARATION

41. Progressive Northern repeats and realleges the allegations above as if set forth fully verbatim below.

42. The Policy defines "insured person" for liability coverage to include: (1) "you"; (2) a "relative"; (3) a "rated resident"; or (4) any other person with respect to an accident arising out of that person's use of a "covered auto" with the permission of "you," a "relative," or a "rated resident."

43. The Policy defines "you" as the person shown as the named insured on the declarations page and a resident spouse of the named insured. Larry Mason is the named insured on the Policy declarations page.

44. The Policy defines "relative" as a person residing in the same household as "you" and related to "you" by blood, marriage or adoption.

45. Upon information and belief, at the time of the accident, Larry Mason resided at 1403 Haigs Creek, Elgin, South Carolina.

46. Upon information and belief, at the time of the accident, Christopher Mason resided with his wife and children at 1187 Ancrum Ferry Road, Lugoff, South Carolina.

47. Upon information and belief, at the time of the accident and for several years prior, Christopher Mason had not resided at the same residence as Larry Mason.

48. The Policy defines "rated resident" as a person residing in the same household as "you" at the time of the loss who is not a "relative", but only if that person is both: (1) listed in the "Drivers and household residents" section on the declarations page; and (2) not designated as either "Excluded" or a "List Only" driver.

49. Christopher Mason is not listed in the "Driver and resident relatives" section on the Policy declarations page.

50. Upon information and belief, Christopher Mason is the son of Larry Mason but did not reside with Larry Mason at the time of the accident.

51. As explained above, the Mitsubishi Eclipse Christopher Mason was operating at the time of the accident does not qualify as a "covered auto" under the Policy.

52. Therefore, Progressive Northern is entitled to a declaration that Christopher Mason does not qualify as an "insured person" for liability coverage for the March 26, 2019 accident.

**WHEREFORE**, having fully Answered, Counterclaimed and asserted a Third Party Complaint, Progressive Northern prays that this honorable Court inquire into these matters and declare that the Progressive Northern Policy provides no liability coverage for the March 26, 2019

accident and Progressive Northern has no duty to defend or indemnify with respect to any claims arising out of the March 26, 2019 accident, together with the costs of this action and such other and further relief as the Court may deem proper.

                                                 MURPHY & GRANTLAND, P.A.

                                                 s/J.R. Murphy
                                                 J.R. Murphy, Esquire (Fed. I.D. 3119)
                                                 PO Box 6648
                                                 Columbia, South Carolina  29260
                                                 (803) 782-4100
                                                 Attorneys for the Defendant

Columbia, South Carolina
March 29, 2022